

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00179-CR

---

**RUSSELL DALE RAMSEY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 110th District Court
Briscoe County, Texas
Trial Court No. 1247, Honorable William P. Smith, Presiding

---

January 27, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Russell Dale Ramsey, was convicted by a jury of aggravated assault with a deadly weapon.[1]  The jury assessed his punishment at fifteen years' incarceration and a $5,000 fine.  By his sole issue on appeal, Appellant contends that he was denied the effective assistance of counsel during punishment because counsel failed to present

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a).

any mitigating evidence even though the record shows that such mitigation evidence existed. We affirm the trial court's judgment.

## BACKGROUND

Because Appellant's sole issue challenges the effectiveness of his appointed counsel at punishment, we will limit our discussion of the facts relevant to that issue to our analysis below.

After a jury found Appellant guilty of one count of aggravated assault with a deadly weapon, the trial proceeded to punishment. During punishment, the State retendered all evidence it offered during the guilt-innocence portion of the trial. Defense counsel, however, did not offer any mitigation evidence. The jury returned a sentencing verdict of fifteen years' incarceration and a $5,000 fine.

## RELEVANT LAW

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. U.S. CONST. amend. VI.; *Ex parte Scott*, 541 S.W.3d 104, 114 (Tex. Crim. App. 2017). To establish a claim based on ineffective assistance, an appellant must show that (1) his counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Nava v. State*, 415 S.W.3d 289, 307−08 (Tex. Crim. App. 2013). In other words, an appellant bears the burden to show that his trial counsel's performance was deficient and that he was prejudiced by the deficiency. *State v. Gutierrez*, 541 S.W.3d 91, 98 (Tex. Crim. App. 2017). A failure to make a showing

2

under either *Strickland* prong defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (en banc). Both prongs need not be examined on review if one cannot be met. *Turner v. State*, 528 S.W.3d 569, 577 (Tex. App.—Texarkana 2016, no pet.) (citing *Strickland*, 466 U.S. at 697).

In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013). To rebut this presumption, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

In most cases, a direct appeal is an inadequate vehicle for raising a claim of ineffective assistance because the record is generally undeveloped and cannot adequately reflect counsel's trial strategy. *Rylander*, 101 S.W.3d at 110–11. When counsel is not afforded an opportunity to explain his strategy before being denounced as ineffective, an appellate court should not find deficient performance unless counsel's conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Therefore, when the record is silent on counsel's trial strategy, we will assume that counsel had a strategy if any reasonable sound strategic motivation can be imagined. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

**APPLICATION**

By his sole issue, Appellant contends that he received ineffective assistance of counsel during the punishment phase of trial[2] because counsel failed to present any mitigation evidence even though the record shows that such evidence existed. Specifically, Appellant contends that there was evidence that he no longer used methamphetamine, was actively co-parenting and involved in his daughter's life, and had a positive relationship with his mother. Appellant did not move for a new trial on the basis of ineffective assistance of counsel and the record does not reflect any reasons why trial counsel did not offer this or other evidence during punishment.

The Court of Criminal Appeals has repeatedly observed that a record on direct appeal is generally insufficient to show that counsel's representation was so deficient as to meet the *Strickland* test. *See Hart v. State*, 667 S.W.3d 774, 782 (Tex. Crim. App. 2023); *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Rylander*, 101 S.W.3d at 110; *Bone v. State*, 77 S.W.3d 828, 833 & n.13 (Tex. Crim. App. 2002). The present record does not provide Appellant's counsel the opportunity to "defend, explain, or otherwise justify his conduct." *Garza v. State*, No. 07-13-00137-CR, 2014 Tex. App. LEXIS 415, at *5 (Tex. App.—Amarillo Jan. 14, 2014, no pet.) (mem. op., not designated for publication). When, as here, the record regarding counsel's strategy has been insufficiently developed, we conclude Appellant has failed to overcome the presumption that counsel's decisions were the product of sound trial strategy. *See Freeman v. State*,

---

[2] Appellant does not challenge the effectiveness of his representation during the guilt-innocence portion of trial.

4

125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003). The record before us does not affirmatively show, by a preponderance of evidence, that counsel's performance was sufficiently deficient or that any alleged deficiencies resulted in the requisite level of prejudice to Appellant's case such that we can conclude the trial below did not produce a just result.[3] As such, we overrule Appellant's sole issue.

In light of Appellant's contention that the record from the trial on guilt-innocence establishes that trial counsel's representation fell below the objective standard of reasonableness, we will briefly address why his contention lacks merit. During guilt-innocence, Appellant testified he did not use methamphetamine on the day he committed the assault, not that he no longer used methamphetamine. As to the possibility that Appellant's mother and ex-wife could have been subpoenaed to testify, nothing in the record indicates that they were available[4] or that they would provide testimony favorable to Appellant. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (counsel's failure to call witnesses at guilt-innocence or punishment will not support claim of ineffective assistance unless record reflects that witnesses were available and would testify favorably to Appellant). In the absence of a record reflecting trial counsel's strategy, we would be required to speculate as to whether any of the evidence identified

---

[3] In this case, the record on direct appeal is not sufficiently developed and "cannot adequately reflect the failings of trial counsel" for an appellate court "to fairly evaluate the merits of such a serious allegation." *Lopez*, 343 S.W.3d at 143. Under such circumstances, claims of ineffective assistance of counsel rejected due to lack of adequate information may be considered on an application for a writ of habeas corpus. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07.

[4] Appellant infers that testimony that his ex-wife lived in the area at the time of the offense and that his mother was "still here" establishes that they were available to testify. However, considering the context of these statements and the lapse of time, we cannot conclude that the record supports that these witnesses were available.

by Appellant would, in fact, mitigate his culpability.  *Bone*, 77 S.W.3d at 835 (reviewing courts may not speculate "about the existence of" mitigating evidence; "ineffective assistance of counsel claims are not built on retrospective speculation").

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the judgment of the trial court.


Judy C. Parker
Justice

Do not publish.